UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEREMY DONALD WATSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 23-cv-12909-JEK |
| JASCHA FRANKLIN HODGE, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

**KOBICK, J.**

On March 15, 2024, the Court granted plaintiff Jeremy Donald Watson's motion for leave to proceed *in forma pauperis* and advised him that his complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). *See* ECF 5. The Court's Memorandum and Order outlined the pleading deficiencies and legal impediments to Watson's complaint. *Id.* While the allegations that Watson was treated unfairly while employed by the City of Boston suggested that he may seek to assert a claim under 42 U.S.C. § 2000e-2(a) or 42 U.S.C. § 1983, the complaint failed to identify what legal claims he wished to assert. *Id.* The Court thus gave Watson leave to file an amended complaint curing the pleading deficiencies on or before April 12, 2024. *Id.*

In response to the Memorandum and Order, Watson filed a timely response consisting of a one-page letter and eight-page statement. *See* ECF 8. In his letter, Watson states that he is without access to a typewriter or computer because he is now in custody at the Middlesex Jail in Billerica, Massachusetts. *Id.* at 1. Watson further states that he "only [had] one week to [submit his] statement [concerning the] events that took place." *Id.* Watson's statement is in a narrative format consisting primarily of a recounting of events surrounding Watson's employment with the Boston

Transportation Department during the month of November 2023 as well as his unsuccessful efforts to properly serve the defendants with a complaint that he filed in state court. *Id.* at 2-9; *see Watson v. Franklin-Hodge, et al.*, No. 2384CV2690 (Suffolk Sup. Ct. Nov. 27, 2023).

Watson did not file an amended complaint as required by the Court's Memorandum and Order and the Court declines to treat Watson's reply as an amended complaint. Watson's reply does not meet the basic pleading requirements of the Federal Rules of Civil Procedure. Notwithstanding the insufficiencies of Watson's reply, the Court will provide him with another opportunity to file an amended complaint.

If Watson wishes to proceed with this action, he must file an amended complaint and the Clerk will be directed to provide Watson with a blank complaint form. Whether or not Watson uses a form complaint, he must file an amended complaint that meets the following requirements. The case caption must clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). In the "Statement of Claim" section of any amended complaint, a plaintiff must provide "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). The plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). The filing of an amended complaint replaces the original complaint. *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

For the foregoing reasons, if Watson wishes to proceed with this action, he must, **on or before June 7, 2024**, file an amended complaint that sets forth a plausible claim upon which relief

may be granted.  Failure to timely comply with this directive will result in dismissal of this action.

The Clerk shall send Watson a blank complaint form with a copy of this Order.

    SO ORDERED.

                                          /s/ Julia E. Kobick
                                          Julia E. Kobick
                                          United States District Judge

Dated: May 15, 2024